**Mohammed Mefleh ABU–EIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 14–95–00621–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

April 11, 1996.

Discretionary Review Refused
June 19, 1996.

Dan B. Gerson, Henry L. Burkholder, III, Houston, for appellant.

Rikke Burke Graber, Houston, for appellee.

**OPINION**

EDELMAN, Justice.

In this welfare fraud case, appellant appeals his deferred adjudication probation on the ground that his guilty plea to a felony offense was made involuntarily and due to the ineffective assistance of counsel because the offense he committed was only a misdemeanor. We affirm.

Appellant was employed in a grocery store where he handled food stamps as part of his job. On January 4, 1995, appellant paid an undercover police officer $160 in cash for four books of food stamp coupons, the face value of which totaled $260. Appellant was charged by indictment with the third degree felony offense of illegally redeeming food stamps with a value over $200. After pleading guilty without a sentencing recommendation, he received deferred adjudication of guilt, ten years community supervision probation and a $2,500 fine.

In his four points of error, appellant complains that he received erroneous advice from his attorney and, thus, ineffective assistance of counsel, which rendered his plea involun-

tary. We will address his four points of error together as he has.

A guilty plea may be accepted by the court only if it is free and voluntary. TEX.CODE CRIM.PROC.ANN. art. 26.13(b) (Vernon 1989). An accused is entitled to effective assistance of counsel during the plea bargaining process. *Ex parte Battle*, 817 S.W.2d 81, 83 (Tex.Crim.App.1991). A defendant's election to plead guilty when based upon erroneous advice of counsel is not made voluntarily and knowingly. *Id.*

Appellant claims that the advice he received about pleading guilty to a felony was in error because the offense he committed was only a misdemeanor. The statute under which appellant was charged provides:

> (b) A person commits an offense if the person knowingly possesses food stamp benefit permits when not authorized by law to possess them, knowingly redeems food stamp benefits permits when not authorized by law to redeem them, or knowingly redeems food stamp benefit permits for purposes not authorized by law. An offense under this subsection is a Class A misdemeanor if the value of the food stamp benefit permits is less than $200 and a felony of the third degree if the value of the food stamp benefit permits is $200 or more.
>
> .    .    .    .    .
>
> (f) For the purposes of Subsections (a) and (b), the value of food stamp benefit permits is the cash or exchange value obtained in violation of this section.

TEX.HUM.RES.CODE Ann. § 33.011 (Vernon Supp.1996). Appellant's conduct was an offense under subsection (b) because redeeming food stamps for cash, *i.e.,* rather than food, was a redemption for a purpose not authorized by law. However, appellant argues that the value of the food stamp coupons under subsection (f) was not their face value of $260, but rather the $160 appellant paid for them. For this reason, appellant contends that his offense was a misdemeanor rather than a felony under subsection (b).

In construing statutes, we are generally to give effect to the plain meaning of the language used. *Peterson v. Jones,* 894 S.W.2d 370, 372 (Tex.Crim.App.1995) (en banc). Under Section 33.011(b), the offense for illegally redeeming food stamps applies to both parties in a redemption transaction, *i.e.,* the person giving *and* the person receiving the food stamps. In that context, the language of subsection (f), "cash or exchange value obtained in violation of this section" applies in a particular prosecution to the person charged with the offense, either the one giving or receiving, as the case may be, and refers to the cash or exchange value obtained by him.

In this case, appellant received no cash, but obtained food stamp coupons with a face value of $260. Under lawful circumstances, these food stamps could presumably be redeemed for $260 of food or other prescribed benefits.[1] Therefore, for purposes of Section 33.011, the exchange value obtained by appellant, and thus the value of the food stamps he redeemed, was $260.[2] Because this value was more than $200, appellant's offense was correctly designated a third degree felony, and any failure by his attorney to advise him otherwise was not in error. Accordingly, we overrule his four points of error that his guilty plea was involuntary because of ineffective assistance of counsel, and we affirm the judgment of the trial court.

---

1. To the extent that appellant bought the food stamps for the grocery store rather than for himself, which the record does not reflect, it is also possible that the store could receive cash or credit for them from the applicable governmental agency.

2. Because the class of offense depends on the cash or exchange value of what is obtained in the redemption, one party to a redemption transaction could be guilty of a different class of offense than another party to the same transaction.