**Darlene McCLENDON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–97–00729–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

April 1, 1999.

William Paul Mewis, Paul A. Cooley, Houston, for appellant.

Alan Curry, Houston, for appellee.

Panel consists of Justices MAURICE E. AMIDEI, EDELMAN and SEARS.[1]

## OPINION

ROSS A. SEARS, Justice (Assigned).

Appellant, Darlene McClendon, pleaded not guilty to the offense of illegal use, redemption, and transfer of food stamp benefit permits. *See* TEX.HUM.RES.CODE ANN. § 33.011 (Vernon Supp.1996). She was convicted by the trial court which assessed punishment at three years' confinement in the Texas Department of Criminal Justice, Institutional Division. Appellant asserts four points of error. Three points concern the wording of the indictment, and one point challenges the legal sufficiency of the evidence to support her conviction. We reverse and dismiss.

### Background

Appellant confessed to certain facts by a stipulation which was entered into evidence. Appellant confessed that on December 3, 1996, she received $110 cash for a $147 transaction placed on an electronic benefit transfer card. She further confessed that two days later on December 5, she presented another electronic benefit

transfer card and received $50 cash in exchange for a $67 transaction being placed on the card. Finally, her stipulation stated that "the State will offer proof that the value of the two transactions ... is over two hundred dollars, to this I do not stipulate."

### Standard of Review

When reviewing the legal sufficiency of the evidence, we look at the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Mason v. State*, 905 S.W.2d 570, 574 (Tex.Crim.App.1995). The trier of fact is the exclusive judge of the credibility of witnesses and of the weight to be given their testimony. *See Jones v. State*, 944 S.W.2d 642, 647 (Tex.Crim.App.1996). Likewise, reconciliation of conflicts in the evidence is within the exclusive province of the fact finder. *See id.* This standard of review is the same for both direct and circumstantial evidence cases. *See Chambers v. State*, 711 S.W.2d 240, 245 (Tex. Crim.App.1986).

### Analysis

In appellant's second point of error, she asserts that the evidence is legally insufficient to support her conviction. Specifically, she argues that the value she received was less than two hundred dollars.

The State charged appellant by the following indictment:

> ... Defendant, did then and there unlawfully, pursuant to one scheme and continuous course of conduct did knowingly, use, transfer and redeem food stamp benefit permits, namely Electronic Benefit Cards with a total value of over two hundred dollars....

Therefore, the State had to prove appellant (1) knowingly (2) used, transferred, or

---

1. Justice Ross A. Sears sitting by assignment.

redeemed food stamp benefit permits (3) with a value of over two hundred dollars. *See* Tex.Hum.Res.Code Ann. § 33.011. "The *value* of food stamp benefit permits is the cash or exchange value *obtained.*" *Id.* at (f) (emphasis added).

Appellant's conduct did constitute an offense under section 33.011 because she transferred food stamp benefit permits in a manner not authorized by law. *Id.* However, appellant argues that the "value" of the electronic benefit cards under section (f) was not the face value of $214, but rather the $160 received. For this reason, appellant contends that her offense was only a misdemeanor, not a felony, and therefore, the evidence is legally insufficient to support her conviction.

In *Abu–Ein v. State*, we recognized that there are two parties to a redemption transaction, the person giving and the person receiving the food stamps. 921 S.W.2d 807, 808 (Tex.App.—Houston [14th Dist.] 1996, pet. ref'd). The "cash or exchange value obtained" applies to the person charged with the offense, and refers to the cash or exchange value obtained by the one charged. Tex.Hum.Res.Code Ann. § 33.011(f); *Abu–Ein*, 921 S.W.2d at 808. Thus, the statutory definition of value allows for two different values because each party receives a different amount unless there is an equal exchange. In *Abu–Ein*, Abu–Ein received the food stamp coupons with a face value of $260. We held the value obtained by Abu–Ein was the $260 face value of the coupons he received, not the $160 value he paid. *See id.*

Here, appellant gave transfers worth a fair value of $214. However, the cash value she obtained or received was only $160. Therefore, under the statutory definition of "value," appellant only obtained $160. We find the evidence is legally insufficient to convict appellant with the felony offense requiring appellant to receive a value of more than two hundred dollars. Tex.Hum.Res.Code Ann. § 33.011. Accordingly, we sustain appellant's second point

of error and, being dispositive, do not address her other three points.

We reverse the judgment of the trial court and order that appellant be acquitted.