82.412-02,03,04,05,06

[ Author Italics ]

..."With respected consideration of the Honorable Court, Applicant ask that the Court do not hold his unclear and unprofessional Pleadings on the same par of Professional Pleadings.

APPLICANT

Kenneth Phillips

*Please Incorporate With Causes Number*

RECEIVED IN
COURT OF CRIMINAL APPEALS

APR 15 2015

Abel Acosta, Clerk

CAUSE NO.  923443-A
923444-A
924337-A
924338-A

EX PARTE                                    §      IN THE 177TH DISTRICT

KENNETH PHILLIPS                            §      COURT OF

        Applicant.                          §      HARRIS COUNTY, TEXAS

### APPLICANT'S PROPOSES FINDINGS OF FACT,
### CONCLUSION OF LAW AND ORDER

**COMES NOW,** Applicant Kenneth Phillips, (1153438 T.D.C.J.) filing pro se, (Motion) In Support of Writ of Habeas Corpus inreference to causes number's 923443, 923444, 924337, and 924338, from the proceedings held in The 177th Judicial District Court of Harris County, Texas...asserting for the most part that he was denied the right to the - Effective Assistance of Counsel. During plea offer negotiation by Attorney Reo Harris, and here Invoke (Rule 201)(b) **Judicial Notice** and its subsections)(in support of the Memorandum of Law to support Application for Writ of Habeas Corpus...**received.**

Kenneth Phillips, herefore referred to applicant maintain that he is presently being held imprisoned at the W.G. McConnell Unit in Beeville, County Texas, pursuant to the conviction in Houston, Texas. And in violation of his guaranteed Effective Assistance of Counsel 6th Amend. Protection of Equal Rights 6th and 14th Amendment to the United States Constitution.

### FINDING OF FACTS

Applicant, Kenneth Phillips was offered a 15 years plea bargain from the States prosecution Mia Magness. After having being offered 70 years, 50 years, 40 years, 25 years and finally a 15 year sentence that; which the "Applicant" allowed the Assistant District Attorney Mia Magness to acknowledge that he accept the States proposed 15 year T.D.C. today offer. Mia Magness, then had explained to me that the papers could not be signed at that time that I need to let my Attorney Reo Harris know that I am interested in The Offer once he arrived. As soon as my Attorney arrived to the **Hold-over** for (Defendants) awarting trial and plea deals. He was made fully aware of my

talk with the Assistant District Attorney Mia Magness. And was **instructed** by me before all else (took place) go and let The States Prosecution know that his client Kenneth Phillips has **accepted** The States proposed plead deal of **15 years** T.D.C. today. My Attorney failed to communicate my acceptance of the offer having been proposed to me by The States assistant district attorney Mia Magness. To my **disappointment;** disbelief. As Mr. Reo Harris, begain explaining to me that he needed to be allowed to inspect the collected evidence and make sure that Houston Police Department done everything by protocol and then went on to say to me the (applicant) that he would have the (15) years re-offered to me a later date that he needed time to do his Job. The plea of (15) years was rejected as it was coerced with legal persuation...Ineffective advise.

Obviously, the 15 years plea arrangement was rejected as Applicant Kenneth Phillips is now serving a (35) year sentence a much (Harsher) prison term. Same charges and for the same guilty plea. it is here that the decision to refuse (15) years said...offer brings in to question, the advise, performance, and predice, of Counsel (Harris) overall legal-representation. See **Missouri v. Frye.**

Applicant, contends that the outcome of the trial proceeding would have been different absent the error of erroneous advise to reject the (15) years. And don't be for the deficient performance that which led to the plea of (15) years rejection: **Missouri v. Frye,** 566 U.S.__ 2012. Applicant made the decision to reject the plea of 15 years after the attorney (Instilled) the concept that the same (plea) would still be achievable at a later date. Such misinformation was the sole reason for the plea offer window concerning the best offer which subsequently laapsed. The applicant communicated with his (Attorney) explaining to his retained "**Lawyer**" all the evidence the State Prosecution have to make a solid case against him; that was confiscated from his vehicle and from him personally. The applicant further explained....to his (attorney) that there was video camera and that his face was unmasked, Eight Eye Witnesses of more, Four Weapons, one of which had been taking out of the Pawn Shop during the commission of the crime. The Attorney Mr. Harris, was ALSO MADE AWARE THAT ONE OF THE weapon confiscated from the vehicle was in the shooting at The Pawn Shop that could put me at the scene. And that each wit-

ness could take the witness stand against me, and provide credible testimony and identify me as the one that robbed The Pawn Shop. Due to the overwhelming EVIDENCE that was known to my circumstance and consequences realized. Mr. Reo harris, should have acted in my very best of interest as he did not. Mr. Reo Harris, was made aware of all the Facts first-hand by me. So that he could see why it was crucially important for me to **receive** a **plea offer** of the lowest term of harsher punishment. **As** there is overwhelming evidence tnat could get me The Maximum Prison term.

The Attorney Mr. Harris, legal representing was incompetent as he intentionally provided me with erroneous advise. As my attorney Mr. Harris was expected to get me the (15) years that had been offered to me as a one time deal as made clearly understood that my Attorney once he had arrived and was briefed on my talk fortunately with The Assistant District Attorney Mia Mafness, with him being my legal representation, and that his (duty) was to get me the least amount of time. That was the 15 years which he the (Attorney) was instructed to go and communicate in my best of insterest and intentionally failed to do so apparently operating from his own interest rather than mine.

Applicant was not afforded the effective assistance of counsel that he is entitled to during "Plea Bargaining Negotiation." As a result he was sentenced to a prison term of a much more (Harsher) sentence than the 15s he was suposed to have received in The States one time offer of 15 years to him. Applicant Kenneth Phillips, is entitled to the effective assistance of counsel. See **McMann v. Richard**, 397 U.S. 759, 771 (1970). **In Hill the** Court held the two part **Strickland v. Washington,** test applies to challenges to guilty pleas based on ineffective assistance of counsel. 474 U.S. at 58.

The performance prong of Strickland require a defendant to show that counsel legal-representation fail below the objective standard of reasonableness. 474 U.S. at 57 (quoting **Strickland**, 466 U.S. at 488). In this case all the parties agree the performance of respondent s counsel was deficient when he advised respondent reject the plea offer on the grounds he could not be convicted at the trial. In light of this concession it is unnecessary for this Court to explore the issue.

The question for this Court is how to apply Strickland prejudice test where ineffective assistance result is a rejection of the plea offer and defendant is convicted at ensuing trial. See **Lafler v. Cooper**, 566 U.S. ___2012.

Applicant contends that don't be for his counsel Mr. Harris erroneous advise and deficient performance that the outcome of the trial proceedings would have been different in the outcome and sentencing phase...of the plea bargaining process. Applicant claims that ineffective assistance lead to the improvident acceptance of a guilty plea and there is a reasonable probability that but for counsels error [Applicant] would be serving a 15 years sentence instead of (35) years; that which is twice the amount of time than the 15 years proposed to Kenneth Phillips the applicant. See: **Lafler v. Cooper:**

Applicant Here however the injured client seeks relief from the counsels failure to meet a valid legal standard, not from counsels refusal to violate it. Applicant maintain that absent ineffective counsel, he would have accepted a plea offer for a sentence the prosecution evidently deemed consistent with the sound administration of criminal justice. The favorable sentence a eluded the..... Applicant in the criminal proceeding appear to be the sentence he or others in his position would have received in the ordinary course, absent counsel ineffective assistance. **Lafler v. Cooper**, 566 U.S.___2012.

Applicant filed a Writ of Habeas Corpus to the convicting District Court: Alleging that he was prejudiced by his Attorney Mr. Reo Harris to receive a sentence of (15) years and that the deficient performance of the Attorney clearly demonstrated ineffective assistance of counsel.

Applicant Kenneth Phillips, explained to his attorney that he had talk with The State Prosecution Mia Magness. And let him know that she was offering him (15) years today. And that he accepted The Assistant District Attorney's proposed offer of (15) years...and...then the Attorney was instructed to inform The States Prosecution of my acceptance and he (failed) to communicate my interest and plea acceptance further to the State Prosecution...concerning the lowest term of plea offers. That which deprived me opportunity:

In the instant cases: **Missouri v. Frye**, Attorney failed to inform him

that The Prosecutor sent him a letter that proposed him a more lenient and more favorable plea deal and he ended up taking a (Harsher) plea offer. he subsequently pleaded guilty with no underlying plea agreement and was sentence to Three years in prison. Seeking Post-Conviction relief in state court he alleged his counsel failure to inform him of the...earlier plea offers denied him the effective assistance counsel and he admitted that he would have pleaded guilty to the.....misdemeanor had he known of the offer. The Court denied his Motion but the Missouri Appellate Court reversed, holding that Frye met both the requirement for showing a Sixth Amendment violation under **Strickland v. Washington,** 466 U.S. 668.

Specifically the Court found that the defense counsel had been ineffective in not communicating the plea offer and concluded that Frye had shown that counsel deficient performance caused him prejudice because he pleaded guilty to a felony instead of a misdemeanor. The -Sixth Amendment right to effective assistance of counsel extends to the consideration of plea offers that lapse or are rejected. Applicant was coerced to reject (15) years by Attorney.

Applicant acceptance of the States 35 years sentence was based on inadequate advise of his Attorney and misleading information. The **Erroneous Advise,** received from his Attorney caused him to mis-out on opportunity to receive a more favorable sentence and entitles the applicant to become re-offered the 15 years sentence according to the case. **Missouri v. Frye,** 566 U.S. 2012; **Abu-Ein v. State,** 921 S.W.2d 807 (Tex.App.-Houston [1A District] A Defendant election to plead guilty when based on erroneous advise of counsel is not voluntarily and knowingly.

At no time has the Applicant elected to freely choose a 35 year sentence over the opportunity to receive the lesser sentence of 15 year nor have applicant ever Inssisted on his innocence or maintained his innocence until the Attorney allowed him to know that he reviewed the video camera surveillance footage with the applicant, which show the Applicant unmasked face clearly. Afterwards the (Attorney); says that applicant instructed him to enter into plea negotiations with the state.

Applicant was coerced to plead guilty by the erroneous advise and misleading information of his Attorney. Whose deficient performance and constitutional error entitles me to the requested relief of having the States original plea of 15 years reoffered to me. As request in the Writ of Habeas Corpus art. 11.07. And should the court Grant Evidentiary Hearing. Applicant intends to prove that the 15 years had been verbally agreed to; by the Subpoena of Mis Magness, Assistant District Attorney that present the offer and talked with me.

Attorney Reo Harris was [hired] to protect my interest and to safeguard my right[s] as his poor professional performance fail below the objective norm and standard of reasonableness as required by law and by the American Bar Association.

Applicant and his hired Attorney had an agreed understanding at the very beginning of his retainment, not to permit his professional strategy to override the more importance of securing my interest and right[s], over his opposed expectation of his performance.

Attorney Harris erroneous assessment has caused me irreparable harm, in having received the more harsher sentenc of 35 years.

Applicant have a Sixth Amendment right to counsel, a right that extends to the plea-bargaining process. Frye, ante, at 8.Also Padillo v. Kentucky, 559 U.S. (2010 )(Slip op, at 16); Hill Supra at 57. During plea negotiations defendant are entitled to the effective assistance of counsel and assistance of competent counsel. McMann v. Richardson, 397 U.S. 759, 771 (1970).

In contrast to Hill v. Lockhart, 474 U.S. 52 (1985), here the ineffective assistance and advise led not to an offers acceptance, but to its rejection and Applicant having to except a harsher 35 years sentence, not choosing to waive it, is the prejudice alleged. Applicant counsel coerced him to reject a 15 year plea bargain and told (hold) him that he could and would have the 15 years preserved for a later date. But when I went back to court the State had 35 years perserved[Not] the promised or 15 years that had been of to me and was allowed to lapse on the account of my [Attorney]coercion and misleading information that subjected me to having to plead for a 35 years in open court. Due to my counsel erroneous advice and misleading that has me faced with a involuntary sentence of harsher punishment 35 years. Gillum v. State, Has similarity to my involuntary Plea Bargain. See; Gillum v. State 959 S.W. 2d 642,644 (Tex. App. Houston 1Dist) 1995. Due to erroneous advise and misinformation concerning my attorney 15 reoffer to me at a later date after having me redect 15 years. But coerced me to except 35 years are go to trial and get a Life sentence. I was coerced and misinformed by my Attorney. Due to erroneous advice and misinformation (35)years had to be accepted by me. See; Abu Ein v. State, 921 S.W. 2d 807 (Tex.App. Houston 14 District Similar case; Melton v. State, 987 S.W. 2d 72,75 n. 2 (Tex. App. Dallas 1998).

Applicant did not elect to chose a (35) year sentence over the (15) year sentence that was a one time offer and more favorable sentence that statements and allegations are alleging in the State's motion and Affidavit of Attorney Reo Harris.

Applicant was deprived opportunity to receive the best deal of (15) years. Due to the erroneous advise of attorney Mr. Reo Harris. That failed to tell the States Assistant District Attorney that he the defense (accept) the State's offer proposed of (15) years as was instructed for him to deliver the client acceptance of the 15 year sentence as the best deal. In the attorney instantly began under minding-applicant decision. Unitil he coerced applicant to reject the (15) years proposed to him by the State Assistant District Attorney Mia Magness. The attorney only was to follow the given instructions that was to inform The States Prosecution that his client accept the 15 years.

Attorney Deficient performance and erroneous advise lead to the (Applicant) receiving a more (Harsher) sentence that the 15 years that had been offered in the beginning. Applicant plea and acceptance of the greater sentence were because of the (instilled) belief by the (attorney) that if the (35) years was not accepted that I would receive a Life Sentence. The 15 years already had been taking off the table due to counsel ineffective assistance.

The Supreme Court Ruling: Missouri v. Frye 566 U.S. ___ 2012 and companion case Lafler v. Cooper, (citations omitted). Here the question is whether defense counsel has the duty to communicate the terms of a formal offer to accept a plea on terms and conditions that may be favorable to the defense and that may result in a lesser sentence, a conviction of lesser charges or both. The Court now holds that as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the defense...the accused. Any exception that rule need not be explored here, for the offer was a formal one with a fixed expiration date. When defense counsel allowed the 15 years to expire without advising the defendant or allowing him to consider it, defense counsel did not render the effective assistance the constitution require.

Though the standard for counsels performance is not determined solely by reference to codified standards of professional pratice these standards can

be important guides. The American Bar Association recommends defense counsel promptly communicate and explain to the defendant all plea offers made by the prosecution-prosecuting Attorney, A.B.A. Standards for Criminal justice, Pleas of Guilty 14-3, 2(a) (3rd ed.1999), and this standard has been adopted by numerous state and federal courts over the last 30 years. See, e.g Davie v. State, 381 S.C.601, 608-609, 675 S.E.2d 416, 420 (2009); Cottle v. State, 733 SO.2d 963, 965 966 (Fla.1999); Becton v. Hun, 205 W.Va. 139, 144, 516 S.E.2d 762, 767 (1999); Harris v. State, 875 S.W.2d 662, 665 (Tenn. 1994); Lloyd v. State, 285 Ga. 645,648, 373 S.E.2d 1, 3 (1988); United States v. Rodriguez, 929 F.2d 747, 752 (CA1 1991)(per curiam); Pham v. United States, 317 F.3d 178, 182 (CA2 2003); United States ex rel. Caruso v. Zelinsky, 689 F2d 435, 438 (CA3 1982); Griffin v. United States, 330 F.3d 733, 737 (CA6 2003); Johnson v. Duckworth, 793 F.2d 898, 902 (CA7 1986); United States v. Blaylock, 20 F.3d 1458, 1466 (CA9 1994); cf Diaz v. United States, 930 F.2d 832, 834 (CA11 1991).

The standard for prompt communication and consulation is also set out in State Bar Professional Standards for attorneys. See e.g. Fla. -- Rule Regulating Bar 4-1.4 (2008); Ill. Rule Prof. Conduct. 1.4 (2011); Kan. Rule Prof. Conduct 1.4. (2010); Ky. Sup.Ct. Rule.130, Rule Prof. Conduct 1.4. (2011); Mass. Rule Prof. Conduct 1.4. (2011-2012); Mich. Rule Prof. Conduct 1.4. (2011).

Applicant was telling his Attorney that he would rather go to a full fledge trial rather than acceprt the (35) years being offered. And that is when the "Attorney" began to tell me that if I go to trial. I would get a life sentence. But he never attempted to get me the (15) years as he was instructed, just told me to sign the papers the papers was signed without being admonished by my attorney to a understanding from Attorney and Client communication. As required by (Law) he just would have me initial the (Plea offers).

To note the prevalence of plea bargaining is not to criticize it. The potential to conserve valuable prosecutorial resources and for defendants to admit their crimes and receive more favorable terms and sentencing mean that a plea agreement can benefit both parties. In order that these benefits

can be realized however, criminal defendants require effective counsel during plea negotiations. Anything less....might deny a defendant effective representation by counsel at the only stage when legal aid and advise would help him. See; Massish, 377 U.S. at 204 (quoting Spano v. New York, 360 U.S. 315, 326 (1959)(Douglas J. concurring).

The fact that defendant is guilty does not mean he was not entitled by the Sixth Amendment to effective assistance or that he suffer no prejudice from his attorneys deficient performance during plea bargaining.

Sixth Amendment remedies should be tailored to the jury suffered from the Constitutional violation (the rejection of 15 year sentence) and should not unnecessarily infringe on competing interests. See United States v. Morrison, 449 U.S. 361, 364 (1981).

## CONCLUSION OF LAW AND AUTHORITIES

The challenge (or claim) herefor, is not to the advice pertaining to the plea that was accepted, but rather to the course of Legal Representation that proceeded it, with respect to the potential plea and plea offers. As outlined (consistently) throughout this "Motion" applicant is now serving a 35 year sentence because he sought a plea bargain from the begaining. The fact that Applicant entered a guilty plea is evidence that he would have accepted anything less than (35) years.

Obviously, the 15 years plea agreement was rejected as Applicant is now serving a much harsher sentence. It is here that the, decision to refuse said offer brings into question the advise, performance and prejudice of Attorney Reo Harris overall representation.

**WHEREFORE CONSIDERED,** Applicant prays that -the Honorable Court return his cause to the point of his 15 year sentence offer in that he was entitled to the lesser sentence or in the alternative relief the Court deems in the best interest of justice.

Signed on this _13_ th day of April, 2015.

Respectfully submitted,

_____

Kenneth Phillips/APPLICANT
3001 S. Emily Dr.
Beeville, texas 78102

Page 9