516 S.E.2d 762

William "Benji" BECTON, Appellant,

v.

Nicholas HUN, Commissioner, West Virginia Department of Corrections, Appellee.

No. 25364.

Supreme Court of Appeals of West Virginia.

Submitted Jan. 26, 1999.

Decided May 18, 1999.

Deborah A. Lawson, Esq., Public Defender, Martinsburg, West Virginia, Attorney for Appellant.

Chris Quasebarth, Esq., Assistant Prosecuting Attorney, Martinsburg, West Virginia, Attorney for Appellee.

WORKMAN, Justice:

This is an appeal from the February 26, 1998,[1] final order of the Circuit Court of Berkeley County, West Virginia, denying the post-conviction habeas corpus petition brought by the Appellant, William "Benji" Becton. On May 19, 1989, the Appellant was sentenced in the underlying criminal proceeding to a forty-year term of imprisonment

---

1. An omnibus hearing on the habeas corpus petition was held on June 13, 1997.

in the state penitentiary, following a jury conviction on one count of aggravated robbery. We address only the issue of whether the Appellant's trial counsel's failure to communicate to the Appellant a plea proposal made by the prosecution constituted ineffective assistance of counsel.[2] Based upon a review of the parties' briefs and arguments, the record and all other matters submitted before this Court, we conclude that the Appellant's trial counsel's ineffectiveness in communicating a plea agreement proposal made by the prosecution to the Appellant warrants reversal and remand of this case for the sole purpose of resentencing the Appellant in conformance with the plea agreement proposal at issue.

## A.

### FACTS

During the October 1986 term, the Appellant was indicted by the Berkeley County Grand Jury on one count of burglary and six counts of aggravated robbery. The aggravated robbery charges arose from crimes which occurred on May 6, 1986, when three separate pairs of people parked at or near the rest area southbound on Interstate 81, just south of the border between West Virginia and Maryland, were robbed by a suspect using a weapon.[3] Even though the Appellant was charged with six counts of aggravated robbery, upon the conclusion of the presentation of all the evidence, the jury convicted the Appellant on one count of aggravated robbery. The Appellant was sentenced to forty years imprisonment.

In early 1996, the Appellant, while incarcerated, was reviewing his file that he had requested from his trial counsel, Steven M. Askin. During this review, the Appellant discovered a letter dated April 28, 1987, which was addressed to Mr. Askin, from B. Craig Manford, Assistant Prosecuting Attorney of Berkeley County. The letter communicated the offer of a plea bargain in which the Appellant would plead guilty to a single count of aggravated robbery in exchange for a recommendation of a ten-year sentence[4] by the prosecutor to the trial court.

It is significant to note that the Appellant states in his brief that the letter "offer[ed] a plea bargain which would have resulted in a sentence of ten (10) years' incarceration for a guilty plea to a single count of aggravated robbery." The uncontroverted evidence at the habeas corpus hearing was that the presiding judge at the time of the underlying action, the Honorable Patrick Henry, did not accept binding plea agreements.[5] Conse-

---

2. The Appellant also raises three other assignments of error arising out of his omnibus habeas corpus proceeding: 1) whether perjured testimony, offered through the inducement of an unconsummated plea agreement, violated the Appellant's constitutional rights, thereby requiring a new trial; 2) whether tainted identification evidence, introduced at trial despite a motion to suppress, rendered the subsequent conviction constitutionally defective so that a new trial is required; and 3) whether impermissible joinder of multiple, but unrelated counts at a jury trial, violated the Appellant's constitutional rights so that a new trial is required. Each of these alleged errors was initially addressed by the lower court in the underlying trial during a hearing on the Appellant's motion to suppress. Likewise, the same three issues were raised by the Appellant in his petition for direct appeal, which was refused by this Court when it denied the petition on October 7, 1990. We find these assignments of errors are without merit and decline to discuss them.

3. The victims were all out-of-state travelers.

4. The statutory sentence for an aggravated robbery conviction is confinement in the penitentia-

ry for "not less than ten years." W.Va.Code § 61–2–12 (1997). Thus, the statute provides no maximum limit on the number of years an individual convicted of aggravated robbery may be sentenced.

5. West Virginia Rule 11(e)(1)(C) of the West Virginia Rules of Criminal Procedure provides:

In general.—The attorney for the state and the attorney for the defendant or the defendant when acting pro se may engage in discussions with a view toward reaching an agreement that, upon the entering of a plea of guilty or nolo contendere to a charged offense or to a lesser or related offense, the attorney for the state will do any of the following:

. . . .

(C) Agree that a specific sentence is the appropriate disposition of the case. . . .

W.Va.R.Crim.P. 11(e)(1)(C). Thus, pursuant to this rule, a plea becomes binding when there is an agreement to a specific sentence. While a circuit court is under no obligation to accept a binding plea agreement, if the circuit court does approve the plea agreement, and "[i]f a sentence is specified in a plea agreement pursuant to . . .

quently, the Appellant's statement that the plea agreement definitively would have resulted in a ten-year sentence is misguided.

The Appellant testified at the habeas corpus proceeding that the above-mentioned plea proposal was never communicated to him or any member of his family. The Appellant further testified that the best plea bargain offer communicated to him by Mr. Askin was one in which the State was willing to recommend a fifteen to forty year indeterminate sentence in exchange for his guilty plea. According to the testimony of the Appellant's sister, Sheila Freeze, this offer of a sentence recommendation of fifteen to forty years by the State to the trial court, however, was rejected upon advice of counsel, with "Mr. Askin ... telling my parents that Benjie would never see a day in prison."

Mr. Askin testified that he had no memory about the details of the Appellant's case. He further testified, however, that it was his pattern and practice to forward plea bargain proposals to his clients and then to follow up with a client meeting. Attempts were made to obtain records of Mr. Askin's communication of the proposal to the Appellant.[6] No such records were located.

## B.

### FAILURE TO DISCLOSE PLEA AGREEMENT

The only issue requiring this Court's attention involves whether the Appellant's trial

counsel's failure to communicate to the Appellant a non-binding plea agreement to a single count of aggravated robbery, wherein the State would recommend to the trial court a sentence of ten years, constitutes ineffective assistance of counsel.[7] Quite simply stated, the Appellant argues that had he known of this plea proposal, he would have accepted it. The Appellee, however, argues that the lower court in the habeas proceeding did not err in holding that the Appellant failed to prove that his trial counsel was ineffective.

In *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995), this Court recently revisited what is necessary to prove ineffective assistance of counsel. In *Miller*, we held in syllabus points five and six that:

In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

In reviewing counsel's performance, courts must apply an objective standard and determine whether, in light of all the circumstances, the identified acts or omis-

---

Rule 11(e)(1)(C), then a circuit court must apply the sentence included in the agreement." *State ex rel. Brewer v. Starcher,* 195 W.Va. 185, 193, 465 S.E.2d 185, 193 (1995).

6. A subpoena was served upon Kevin Mills, who was the attorney having custody of Mr. Askin's records, because Mr. Askin's law license was annulled for ethical violations not pertaining to the case at hand.

7. The trial court found the following with respect to the ineffective assistance of counsel claim:
   The record developed in this case indicates that a plea offer was made by the State; however, there is no written documentation to support that the offer was conveyed to the petitioner. The record further indicates that the file was delivered to the petitioner and no memorandum was ever found regarding trial preparation or a conference concerning the plea.

The allegation of the failure to advise the client is one that the evidence is equally balanced. Even if the Court assumes the first prong of the *Wilson* test is met and failure to communicate the plea is ineffective, the second prong of the test is not met. There is no proof that the plea would have resulted in anything different than what the petitioner received after going to trial-a single conviction for aggravated robbery. The trial judge at the time did not accept "binding" or conditional pleas. Even if the State had recommended a ten year sentence upon the petitioner's agreement to plead guilty to one count of aggravated robbery, the Court was not bound to that sentence. The fact that the jury failed to convict on the other two counts, a third count being dismissed by the State, is moot. The Circuit Court retained the right to sentence as appropriate. This claim is without merit.

sions were outside the broad range of professionally competent assistance while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Thus, a reviewing court asks whether a reasonable lawyer would have acted under the circumstances, as defense counsel acted in the case at issue.

194 W.Va. at 6–7, 459 S.E.2d at 117–18, Syl. Pts. 5 and 6.

In order to meet the first prong of the *Miller* test and prove that his trial counsel's performance in failing to communicate the plea bargain offer to him was deficient under an objective standard of reasonableness, the Appellant relies upon the Standard 4–6.2 of the ABA Standards for Criminal Justice (2d ed. 1980) and the commentary thereto which was cited by this Court with approval in *Tucker v. Holland,* 174 W.Va. 409, 327 S.E.2d 388 (1985). Standard 4–6.2(a) provides that a defense attorney " '[i]n conducting discussions with the prosecutor ... should keep the accused advised of developments at all times and all proposals made by the prosecutor should be communicated promptly to the accused.' " *Tucker,* 174 W.Va. at 415, 327 S.E.2d at 394 (quoting Standard 4–6.2(a) of the ABA Standards for Criminal Justice (2d ed. 1980)). Moreover, the commentary to that standard provides:

> 'Because plea discussions are usually held without the accused being present, the lawyer has the duty to communicate fully to the client the substance of the discussions. It is important that the accused be informed of proposals made by the prosecutor; the accused, not the lawyer, has the right to decide on prosecution proposals, even when a proposal is one that the lawyer would not approve. If the accused's choice on the question of a guilty plea is to be an informed one, the accused must act with full awareness of the alternatives, including any that arise from proposals made by the prosecutor.'

*Tucker,* 174 W.Va. at 415, 327 S.E.2d at 394 (quoting commentary to Standard 4–6.2(a) of the ABA Standards for Criminal Justice).

While this Court has never been presented with this precise issue of whether a defense counsel's failure to communicate a plea bargain proposal to a defendant constitutes ineffective assistance of counsel, other jurisdictions which have confronted the issue have concluded that it does. *See United States v. Rodriguez Rodriguez,* 929 F.2d 747, 752 (1st Cir.1991) ("A defendant has a right to be informed by his counsel of a plea offer. Ordinarily, counsel's failure to do so constitutes ineffective assistance of counsel."); *Johnson v. Duckworth,* 793 F.2d 898, 902 (7th Cir.), *cert. denied,* 479 U.S. 937, 107 S.Ct. 416, 93 L.Ed.2d 367 (1986) ("[I]n the ordinary case criminal defense attorneys have a duty to inform their clients of plea agreements proffered by the prosecution, and that failure to do so constitutes ineffective assistance of counsel under the sixth and fourteenth amendments. Apart from merely being informed about the proffered agreement, we also believe that a defendant must be involved in the decision-making process regarding the agreement's ultimate acceptance or rejection."); *United States ex rel. Caruso v. Zelinsky,* 689 F.2d 435, 438 (3d Cir.1982) ("It would seem that, in the ordinary case, a failure of counsel to advise his client of a plea bargain would constitute a gross deviation from accepted professional standards."); *Barentine v. United States,* 728 F.Supp. 1241, 1251 (W.D.N.C.), *aff'd,* 908 F.2d 968 (4th Cir.1990) ("Where defense counsel has failed to inform a defendant of a plea offer ... the federal courts have been unanimous in finding that such conduct constitutes a violation of the defendant's Sixth Amendment constitutional right to effective assistance of counsel."); *Larochelle v. State,* 219 Ga.App. 792, 466 S.E.2d 672, 676 (1996) (" 'Objective professional standards dictate that a defendant, absent extenuating circumstances, is entitled to be told that an offer to plead guilty has been made and to be advised of the consequences of the choices confronting him. For counsel to do otherwise amounts to less than reasonably professional assistance.' ") (citation omitted); *Gray v. State,* 579 N.E.2d 605, 607–08 (Ind.1991) ("It is indeed a denial of effective assistance of counsel if in fact there is a failure to convey a plea offer from the State."); *Williams v. State,* 326 Md. 367, 605 A.2d 103, 109 (1992) ("Acceptance of a plea offer that would ex-

pose him to a maximum sentence of ten years was an option available to petitioner, and the failure of his attorney to advise the petitioner of his exposure of the imposition of a mandatory 25 year sentence was deficient conduct."); *State v. Simmons*, 65 N.C.App. 294, 309 S.E.2d 493, 497 (1983) ("[A] failure to inform a client of a plea bargain offer constitutes ineffective assistance of counsel absent extenuating circumstances."); *Commonwealth v. Napper*, 254 Pa.Super. 54, 385 A.2d 521, 524 (1978) ("Defense counsel has a duty to communicate to his client, not only the terms of a plea bargain offer, but also the relative merits of the offer compared to the defendant's chances at trial"); *Harris v. State*, 875 S.W.2d 662, 665 (Tenn.1994) ("There is no doubt that the prejudice suffered by defendant was the direct result of failure on the part of defense counsel to discuss the plea bargain offer with his client and his failure to respond timely to the State's offer[,]" where defendant went to trial without knowledge of plea offer of five-year sentence and was convicted of assault with intent to commit murder and was sentence to thirty-five years); *In re Wilson*, 724 S.W.2d 72, 74 (Tex.Crim.App.1987) ("Courts that have considered the issue, generally agree that a defendant has a right to be informed about plea bargain offers as part of his participation in the decision-making process surrounding his defense.").

■ We find persuasive not only the language found within Standard 4–6.2(a) of the ABA Standards for Criminal Justice and the concomitant commentary thereto, but also the law enunciated by courts in other jurisdictions that have already decided this issue. We, therefore, hold that objective professional standards dictate that a criminal defense attorney, absent extenuating circumstances, must communicate to the defendant any and all plea bargain offers made by the prosecution. The failure of defense counsel to communicate any and all plea bargain proposals to the defendant constitutes ineffective assistance of counsel, absent extenuating circumstances.

■ In the present case, a review of the evidence introduced at the omnibus hearing reveals that a plea offer was made to the Appellant by the State. There was no evidence contained within the Appellant's file obtained from his trial counsel which indicated either that this plea offer, wherein the State would recommend a ten-year sentence in exchange for the Appellant's guilty plea to one count of aggravated robbery, had been communicated in writing to the Appellant or that trial counsel, Mr. Askin, had met with the Appellant to discuss the plea offer. Further, the Appellant, as well as witnesses who testified on his behalf, stated that the plea offer had not been communicated to the Appellant. Even Mr. Askin could not specifically testify that he had communicated the plea offer to his client as his testimony indicated that he had no independent recollection of the plea offer. Mr. Askin could only testify that it was his pattern and practice to inform his clients of plea offers made by the State.

■ As we have previously held in syllabus point twenty-two of *State v. Thomas*, 157 W.Va. 640, 203 S.E.2d 445 (1974), "[o]ne who charges on appeal that his trial counsel was ineffective and that such resulted in his conviction, must prove the allegation by a preponderance of the evidence." *Id.* at 643, 203 S.E.2d at 449, Syl. Pt. 22. Based upon a review of the evidence, because the Appellant's trial counsel cannot even affirmatively testify whether the plea offer was communicated to his client, the benefit of the doubt must be given to the Appellant. Accordingly, we conclude that the preponderance of the evidence demonstrates that the Appellant's counsel rendered ineffective assistance to his client when he failed to communicate to the Appellant a plea offer made by the State.

Given that the Appellant's evidence has demonstrated that his trial "counsel's performance was deficient under an objective standard of reasonableness," our inquiry now turns to whether the Appellant's evidence satisfies the second prong of the ineffective assistance of counsel inquiry necessary to sustain such a claim. *See Miller*, 194 W.Va. at 6–7, 459 S.E.2d at 117–118, Syl. Pt. 5, in part. The second prong of the inquiry governing a claim of ineffective assistance of counsel is whether "there is a reasonable probability that, but for counsel's unprofessional error[ ], the result of the proceedings

would have been different." *Id.* The Appellant maintains that proceedings were effected in that the Appellant would have received a shorter sentence had the State recommended to the court a ten-year sentence. In contrast, the Appellee argues that even if the non-binding plea agreement had been presented to and accepted by the Appellant and the lower court, the Appellant would have been in the exact same position he was in after trial—convicted of a single count of aggravated robbery with the trial court having the discretion in the sentence imposed. Therefore, according to the Appellee, any unprofessional error on the part of the Appellant's trial counsel did not alter the outcome of the proceedings.

■ We agree with the Appellee to the extent that trial counsel's ineffective assistance of counsel did not alter the outcome of the trial phase of the Appellant's case in that the Appellant was convicted of only one of the four counts of aggravated robbery for which he was tried and the plea offer at issue contemplated the Appellant pleading guilty to one count of aggravated robbery. What the Appellee's argument ignores is that the State's recommendation of a ten-year sentence as part of a guilty plea may very well have made a difference in the sentencing phase of the Appellant's case. In other words, the State's recommendation of a ten-year sentence may have prompted the trial court to impose a lighter sentence than the forty-year sentence imposed on the Appellant. It is this prejudice to the Appellant which causes this Court to conclude that there is a reasonable probability that, but for trial counsel's ineffectiveness, the result of the proceedings in the sentencing phase of the Appellant's case would have been different. *See Miller,* 194 W.Va. at 6–7, 459 S.E.2d at 117–18, Syl. Pt. 5, in part.

In *United States v. Morrison,* 449 U.S. 361, 101 S.Ct. 665, 66 L.Ed.2d 564 (1981), the United States Supreme Court stated that "[c]ases involving Sixth Amendment deprivations are subject to the general rule that remedies should be tailored to the injury suffered from the constitutional violation and should not unnecessarily infringe on competing interests." *Id.* at 364, 101 S.Ct. 665.

Because it is clear the trial counsel's ineffectiveness in failing to communicate the plea offer to the Appellant had no impact on the fairness of the Appellant's trial, the new trial sought by the Appellant is not the appropriate remedy. Because the Appellant's trial outcome and plea offer both resulted in a conviction of one count of aggravated robbery, we conclude that specific performance of the sentencing portion of the plea agreement proposal wherein the State would recommend a ten-year sentence is the appropriate remedy in this case. *See Tucker,* 174 W.Va. at 416–17, 327 S.E.2d at 397 (awarding writ of habeas corpus discharging petitioner with directions to trial court to permit a guilty plea to third degree arson for consideration by trial court).

■ Accordingly, we reverse the lower court's decision and remand this case solely for the purpose of conducting a new sentencing hearing, wherein the lower court will consider the State's recommendation of a ten-year sentence in exchange for the Appellant's conviction of one count of aggravated robbery, prior to resentencing the Appellant. We recognize that once the State has made its recommendation of a ten-year sentence, the trial court is not bound by that recommendation as sentencing under the aggravated robbery statute is within the sound discretion of the trial court. *See State v. Phillips,* 199 W.Va. 507, 514, 485 S.E.2d 676, 683 (1997) (recognizing that "the legislature has provided circuit courts with broad, open-ended discretion in sentencing individuals for the offenses of aggravated robbery"); Syl. Pt. 4, *State v. Goodnight,* 169 W.Va. 366, 287 S.E.2d 504 (1982) ("Sentences imposed by the trial court, if within statutory limits and if not based on some unpermissible [sic] factor, are not subject to appellate review."). While the trial court has discretion regarding the new sentence to be imposed, we caution the lower court that it cannot impose a greater sentence than the original sentence it previously imposed. *See generally* Syl. Pt. 1, in part, *State v. Gwinn,* 169 W.Va. 456, 288 S.E.2d 533 (1982) ("Upon a defendant's conviction at retrial following prosecution of a successful appeal, imposition by the sentencing court of an increased sentence violates

due process and the original sentence must act as a ceiling above which no additional penalty is permitted.").

Reversed and remanded with directions.