# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**William S.,**
**Petitioner Below, Petitioner**

**vs)  No. 15-1175** (Mercer County 15-C-221)

**David Ballard, Warden,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

**FILED**

**September 23, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner William S.,[1] pro se, appeals the June 22, 2015, order of the Circuit Court of Mercer County denying his petition for a writ of habeas corpus. Respondent David Ballard, Warden, Mt. Olive Correctional Complex, by counsel Zachary Aaron Viglianco, filed a summary response, and petitioner filed a reply

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2003, petitioner was found guilty of thirty-two counts of first degree sexual abuse and sixteen counts of sexual abuse by a custodian. The circuit court sentenced petitioner to consecutive terms of one to five years of incarceration for each of the first degree sexual abuse convictions and ten to twenty years of incarceration for each of the sexual abuse by a custodian convictions for a total of fifty-two to two hundred years of incarceration. Petitioner appealed his convictions to this

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W.Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

1

Court. That appeal was refused on April 28, 2004, in Case No. 032689.

Subsequent to the refusal of petitioner's criminal appeal, he filed four petitions for a writ of habeas corpus. In petitioner's first habeas proceeding, he was appointed counsel and an omnibus hearing was held on October 31, 2008. The circuit court denied that habeas petition on February 6, 2009. Petitioner appealed the circuit court's February 6, 2009, order to this Court which refused his appeal on November 12, 2009 in Case No. 091235.

In his second habeas proceeding, petitioner alleged that counsel in his first habeas proceeding was ineffective. The circuit court appointed petitioner counsel and held an evidentiary hearing on November 8, 2011. In an order entered November 16, 2011, the circuit court determined that counsel was not ineffective in the first habeas proceeding and denied petitioner's second petition. In *State ex rel. William S. v. Ballard*, No. 11-1640, 2013 WL 149606, at *2 (W.Va. January 14, 2013) (memorandum decision), this Court affirmed the November 16, 2011, order denying habeas relief.

In petitioner's third habeas proceeding, his petition was denied by the circuit court's May 21, 2013, order which was not appealed.

Petitioner filed his instant habeas petition on June 15, 2015, alleging (1) ineffective assistance of habeas counsel; and (2) a change in the law, favorable to petitioner, regarding ineffective assistance of counsel during plea negotiations. On June 22, 2015, the circuit court denied petitioner's habeas petition on the ground that it was barred by the doctrine of res judicata. The circuit court found that petitioner "raised grounds which were raised in the prior proceeding[s] or which with reasonable diligence could have been known and raised."

On December 2, 2015, petitioner appealed the circuit court's June 22, 2015, order denying his habeas petition.[2] On April 21, 2016, respondent filed both a summary response and a motion to file a supplemental appendix containing a transcript of a March 14, 2003, status hearing in petitioner's criminal case. By order entered June 2, 2016, we denied the motion to file a supplemental appendix, but, instead, took judicial notice of the March 14, 2003, hearing transcript.

We apply the following standard of review in habeas appeals:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

---

[2]By a scheduling order, entered January 7, 2016, this Court granted a motion by petitioner to file his notice of appeal out-of-time.

2

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006). In Syllabus Point 4 of *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981), we held, as follows:

> A prior omnibus habeas corpus hearing is *res judicata* as to all matters raised and as to all matters known or which with reasonable diligence could have been known; however, an applicant may still petition the court on the following grounds: (1) ineffective assistance of counsel at the omnibus habeas corpus hearing; (2) newly discovered evidence; (3) or, a change in the law, favorable to the applicant, which may be applied retroactively.

On appeal, petitioner argues that the doctrine of res judicata does not bar him from filing his instant habeas petition because he received ineffective assistance of counsel in his prior habeas proceedings and because there has been a change in the law that is favorable to him. With regard to the ineffective assistance of habeas counsel, petitioner avers that his habeas counsel failed to raise the issue of ineffective assistance of trial counsel during plea negotiations. Petitioner states that, prior to his criminal trial, the State offered him a plea bargain pursuant to which he would plead guilty to a single count of sexual abuse by a custodian which carried a sentence of ten to twenty years of incarceration. Petitioner alleges that he refused the plea offer upon the erroneous advice of his trial counsel. Petitioner asserts that, at the time of his prior habeas proceedings, this Court had already held that there could be ineffective assistance within the context of plea negotiations. *See Becton v. Hun*, 205 W.Va. 139, 142-45, 516 S.E.2d 762, 765-68 (1999) (applying *Miller/Strickland* standard to counsel's failure to inform defendant of plea offer).[3]

Petitioner next contends that the decisions in *Lafler v. Cooper*, __ U.S. __, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012), and *Missouri v. Frye*, __ U.S. __, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012), represent a change in the applicable federal law that is favorable to him. Respondent counters that the *Becton*, *Lafler*, and *Frye* decisions are distinguishable from the facts of petitioner's case. Respondent asserts that the March 14, 2003, hearing transcript reflects that petitioner's trial counsel not only communicated the State's plea offer to petitioner, but also clearly advised petitioner to seriously consider it.

---

[3]In Syllabus Point 5 of *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995), we held, as follows:

> In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

According to the March 14, 2003, transcript, petitioner's counsel requested that the circuit court confirm with petitioner that "he does not, in fact, wish to accept a plea[.]"[4] Petitioner's counsel explained, as follows:

> [COUNSEL]: . . . I would represent to the Court that I have had conversations, this morning, with [the assistant prosecutor], and the State has offered [petitioner] a plea to a single count of abuse by a guardian or custodian which would carry a sentence of ten to twenty years, and [petitioner] has indicated that he does not wish to accept that plea—and wants to take the matter to trial, and I have advised him, certainly, of the various options and . . . recommended that he seriously consider that offer, . . . and I simply wanted [petitioner] the opportunity to affirm that on the record.

Thereafter, the circuit court made the following inquiries of the parties:

> THE COURT: Mr. Prosecutor, . . . is that the offer made by your office?
>
> [PROSECUTOR]: Yes, Your Honor.
>
> THE COURT: And that was communicated to you, [petitioner]?
>
> [PETITIONER]: Yeah.
>
> THE COURT: And you have rejected that [offer]?
>
> [PETITIONER]: Yeah.
>
> THE COURT: Anything else?
>
> [COUNSEL]: No, sir.

We find that the March 14, 2003, hearing transcript confirms that petitioner's trial counsel both communicated the State's plea offer to petitioner and clearly advised him to seriously consider it, distinguishing petitioner's case from the *Becton*, *Lafler*, and *Frye* cases. Therefore, we find that no exception to the doctrine of res judicata applies to petitioner's case and conclude that the circuit court did not abuse its discretion in denying petitioner's habeas petition.

---

[4]In requesting that the circuit court confirm that petitioner did not want to accept the State's plea offer, petitioner's trial counsel noted that petitioner was found competent following a psychological evaluation.

For the foregoing reasons, we affirm the circuit court's June 22, 2015, order denying petitioner's petition for a writ of habeas corpus.

Affirmed.

**ISSUED: September 23, 2016**

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II