# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**John Walters,**
**Petitioner Below, Petitioner**

**vs)  No. 15-1062** (Berkeley County 15-C-189)

**Marvin Plumley, Warden**
**Mount Olive Correctional Center**
**Respondent Below, Respondent**

**FILED**

**March 13, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner John Walters, by counsel Ben J. Crawley-Woods, appeals the Circuit Court of Berkeley County's October 23, 2015, order denying his petition for post-conviction habeas corpus relief. Respondent Marvin Plumley, Warden, by counsel Cheryl K. Saville, filed a response. Petitioner filed a reply. On appeal, petitioner argues that the circuit court erred in finding that his trial counsel was not constitutionally ineffective.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 2012, petitioner used a crowbar and knife to gain entry into his ex-girlfriend's ("victim's") home. The victim called 911 and stated that she believed someone was in her home. While the victim was on the telephone with 911 services, petitioner entered her bedroom and demanded money and other items. Petitioner then struck the victim with a hammer he had obtained while in the home, and he left the victim's home with her cell phone and approximately $700. Thereafter, petitioner was arrested; incarcerated; and appointed an assistant public defender, Thomas L. Stanley.

On March 9, 2012, prior to petitioner's indictment for the January of 2012 incident, the State sent Mr. Stanley a plea offer to be communicated to petitioner. By its express terms, the March 9, 2012, plea offer expired on April 13, 2012, if not accepted. Under the terms of that plea offer, the State agreed that petitioner would receive a cumulative minimum prison term of twenty years if he pleaded guilty to one count of first-degree robbery and one count of malicious wounding. Further, under the plea offer, the State would dismiss a then-pending battery charge

1

and not seek a recidivist enhancement.[1] It is undisputed that Mr. Stanley did not timely communicate the March 9, 2012, plea offer to petitioner.

In April of 2012, petitioner, pro se, wrote a letter to the circuit court judge. In the letter, petitioner requested a bond reduction and stated his intention to "move on with my life[.]" The following month, a Berkeley County Grand Jury indicted petitioner on the following charges: one count of burglary; one count of attempted murder; one count of malicious assault; one count of domestic battery; one count of first degree robbery; and one count of assault during the commission of a felony. In June of 2012, petitioner, pro se, wrote another letter to the circuit court requesting new counsel.

On July 24, 2012, the State sent Mr. Stanley a new plea offer to be communicated to petitioner. The July 24, 2012, plea offer expired on July 31, 2012, if not accepted. Under the terms of the July 24, 2012, plea offer, if petitioner pleaded guilty to all counts in the indictment, he would be sentenced to prison for a cumulative minimum prison term of twenty-eight years. Further, the plea offer provided that the State offered not to seek a recidivist enhancement, but required petitioner to pay restitution.

On July 26, 2012, Mr. Stanley and another assistant public defender, Joseph Whiteoak, met with petitioner to review his case. During this meeting, petitioner first learned of the March 9, 2012, plea offer. Several days later, petitioner wrote a letter to Mr. Stanley asking that he (1) move to withdraw as counsel of record, and (2) get an extension of the July 24, 2012, plea offer set to expire on July 31, 2012. Petitioner's letter expressly provided that Mr. Stanley "did not discuss a plea option back in March 03-09-12[.]" Mr. Stanley and Mr. Whiteoak again met with petitioner on July 29, 2012. Mr. Stanley responded to petitioner's July 28, 2012, letter by stating that dislike for an attorney is not grounds for a motion to withdraw. Mr. Stanley further indicated that the State agreed to extend its July 24, 2012, plea offer to August 13, 2012.

In August of 2012, petitioner, pro se, filed a motion for Mr. Stanley to withdraw as counsel of record and for appointment of new counsel. Petitioner's motion stated that Mr. Stanley "never mentioned a plea deal back in March[.]" Several days after his pro se motion was filed, the circuit court held a status hearing in this matter. However, the circuit court continued the hearing because petitioner was inappropriately dressed to attend the proceedings. In mid-August of 2012, petitioner, pro se, wrote another letter to the circuit court in which he asked for mercy and admitted that he caused the victim "emotional and physical hurt[.]"

In late August of 2012, petitioner filed an ethics complaint against Mr. Stanley alleging a lack of adequate communication from January of 2012 to April of 2012. In September of 2012, Mr. Stanley filed his response to the ethics complaint. In his response, Mr. Stanley admitted that the March 9, 2012, plea offer was received in the public defender office's file in March of 2012 and should have been relayed to petitioner at that time. Mr. Stanley claimed that his "first recollection of seeing the March 9th offer was when [he] found it in the file on July 26th, 2012." In his response, Mr. Stanley further claimed that

---

[1]The circumstances of the then-pending battery charge are unclear from the record on appeal.

[o]bviously, one remedy was to go to the case prosecutor and implore him to permit Mr. Walters the opportunity to accept the March 9 offer. I asked [petitioner] to authorize me to inform the prosecutor that he would accept the March 9 plea if offered. After several evasive answers, Mr. Walters rejected the March 9 plea offer.

In September of 2012, Mr. Stanley filed a motion to withdraw as petitioner's trial counsel due to the ethics complaint. The circuit court granted the motion and appointed new counsel.

In November of 2012, petitioner, pro se, wrote a letter to the prosecutor's office in which he asked for a plea agreement that included alternative sentencing so he could avoid prison time entirely. At the end of November of 2012, petitioner, by counsel, sent the State a counter plea offer. In his counter plea offer, petitioner agreed to plead guilty to one count of burglary, one count of malicious assault, one count of domestic battery, and one count of first-degree robbery if he received a cumulative minimum prison term of twenty-four years. It does not appear that the State responded to the first counter offer. Petitioner, by counsel, sent the State a second counter plea offer in which he agreed to allow the circuit court to retain discretion over sentencing. It does not appear that the State responded to the second counter offer.

On January 7, 2013, the parties entered into a plea agreement, and a plea hearing was held. Under the terms of the final agreement, petitioner pleaded guilty to one count of burglary, one count of malicious assault, and one count of first-degree robbery, and the remaining counts in the indictment were dismissed. Under the terms of the agreement, the circuit court retained discretion over sentencing. Further, the State agreed not to pursue recidivism. Thereafter, a presentence investigation report was prepared.

In March of 2013, the circuit court sentenced petitioner to prison for one to fifteen years for burglary; two to ten years for malicious assault; and forty years for first-degree robbery, said sentences to run consecutively to one another. Under his sentence, petitioner's cumulative prison term is forty-three to sixty-five years.

Petitioner appealed his conviction and sentence to this Court on the grounds of excessive sentence and ineffective assistance of counsel. By memorandum decision, this Court affirmed the conviction by finding that the sentence was not excessive and by declining to review the ineffective assistance claim on direct appeal. *See State v. John Walters*, No. 13-0396, 2014 WL 211950 (W.Va. Jan. 17, 2014) (memorandum decision).

In April of 2015, petitioner, by counsel, filed a petition for writ of habeas corpus in the circuit court with an accompanying brief in support. Petitioner's sole ground was ineffective assistance of trial counsel for failing to provide him with the March 9, 2012, plea offer.

In response, respondent argued that petitioner's contention was meritless because, although his trial counsel was deficient for failing to convey the March 9, 2012, plea offer, there was no reasonable probability that petitioner would have accepted that plea offer before it expired in April of 2012. Respondent further noted that the circuit court may have rejected the

March 9, 2012, plea offer, as evidenced by the circuit court's statement at the sentencing hearing that this case warranted a prison term of more than forty years.

In October of 2015, the circuit court held an omnibus evidentiary hearing. Three witnesses testified at that hearing: Mr. Stanley; Joseph Whiteoak; and petitioner. Mr. Stanley testified that he did not send petitioner a copy of the March 9, 2012, plea offer, and he did not believe he reviewed petitioner's file or had any contact with petitioner from March of 2012 until June or July of 2012. Mr. Stanley explained that he met with petitioner on July 26, 2012, to review the case and go over the July 24, 2012, plea offer. Around that time, Mr. Stanley discovered the March 9, 2012, plea offer, and he shared it with petitioner at their meeting on July 26, 2012. According to Mr. Stanley, petitioner was upset at learning of the March 9, 2012, plea offer. Mr. Stanley further noted that petitioner rejected his offer to ask the State to re-open the March 9, 2012, plea offer. Mr. Stanley described his relationship with petitioner as very contentious from beginning to end. A second meeting occurred on July 29, 2012. Mr. Whiteoak testified that he was present for the meetings between petitioner and Mr. Stanley in late July of 2012. Mr. Whiteoak corroborated Mr. Stanley's testimony that he offered to attempt to re-open the March 9, 2012, plea offer. Although Mr. Whiteoak did not describe petitioner's reaction upon learning of the March 9, 2012, plea offer as "upset," Mr. Whiteoak agreed that petitioner's reaction appeared to be a rejection of that plea offer or an attempt to re-open it. Mr. Whiteoak testified that petitioner stated his desire for "less time which basically to us was a rejection of that [March 9, 2012, plea] offer."

At the habeas hearing, petitioner testified that he attempted to contact Mr. Stanley in the beginning of 2012, but that his attempts failed. Petitioner claimed that he had no contact with Mr. Stanley from January of 2012 to April of 2012. Petitioner also stated that he did not learn of the March 9, 2012, plea offer until he met with Mr. Stanley in late July of 2012. According to petitioner, he and Mr. Stanley never had a detailed discussion of the March 9, 2012, plea offer. To the contrary, petitioner claimed that Mr. Stanley dismissed the March 9, 2012, plea offer and, instead, wanted petitioner to accept the July 24, 2012, plea offer. Petitioner testified that he was willing to accept the March 9, 2012, plea offer when he learned of it in July of 2012, but he explained that he did not Mr. Stanley to do anything in his case because he did not trust Mr. Stanley. Petitioner testified that he wanted a new attorney. Petitioner also raised concerns at his habeas hearing that Mr. Stanley failed to visit him to discuss a bond reduction and failed to accept a certified letter petitioner sent to him.

Following the testimony at the habeas hearing, petitioner argued that he should be able to accept the March 9, 2012, plea offer because of his trial counsel's ineffective assistance of counsel. Respondent disagreed. According to respondent, petitioner had not proven ineffective assistance of counsel because he failed to prove that there was a reasonable probability that he would have accepted the March 9, 2012, plea offer if properly communicated to him in March/April of 2012.

By order entered on October 23, 2015, the circuit court found that petitioner did not establish that there was a reasonable probability that he would have accepted the March 9, 2012, plea offer if properly conveyed to him. The circuit court noted that petitioner did not appreciate the severity of his criminal case around the time of the March 9, 2012, plea offer. As such, the

circuit court found that petitioner met only the first prong of the test for ineffective assistance of counsel (deficient performance) and not the second prong (but for that deficient performance, the outcome would have been different). By that order, the circuit court denied petitioner's habeas petition. This appeal followed.

We apply the following standard to our review of a circuit court's order denying habeas review:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009). Further, a habeas petitioner bears the burden of establishing that he is entitled to the relief sought. *See Markley v. Coleman*, 215 W.Va. 729, 734, 601 S.E.2d 49, 54 (2004); Syl. Pts. 1 and 2, *State ex rel. Scott v. Boles*, 150 W.Va. 453, 147 S.E.2d 486, 487 (1966).

On appeal, petitioner argues that the circuit court erred in finding that his trial counsel was not constitutionally ineffective for failing to communicate the March 9, 2012, plea offer to him. This Court has adopted the United States Supreme Court's two-pronged test for claims of ineffective assistance of counsel:

> In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984):(1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 6, 459 S.E.2d 114, 117 (1995). We have also held:

> In deciding ineffective of assistance claims, a court need not address both prongs of the conjunctive standard of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995), but may dispose of such a claim based solely on a petitioner's failure to meet either prong of the test.

Syl. Pt. 5, *State ex rel. Daniel v. Legursky*, 195 W.Va. 314, 317, 465 S.E.2d 416, 419 (1995).

In support of this argument, petitioner relies heavily on this Court's holding in Syllabus Point 3 of *Becton v. Hun*, 205 W.Va. 139, 516 S.E.2d 762 (1999):

> Objective professional standards dictate that a criminal defense attorney, absent extenuating circumstances, must communicate to the defendant any and all

plea bargain offers made by the prosecution. The failure of defense counsel to communicate any and all plea bargain proposals to the defendant constitutes ineffective assistance of counsel, absent extenuating circumstances.

Petitioner notes that it is undisputed that Mr. Stanley failed to communicate the March 9, 2012, plea offer to him before it expired. As such, petitioner claims that Mr. Stanley was clearly constitutionally ineffective under *Becton*. Respondent, on the other hand, argues that the circuit court correctly found that Mr. Stanley's failure to communicate the March 9, 2012, plea offer satisfied only the first prong of the *Strickland/Miller* test (deficient performance). Respondent contends that there was no reasonable probability that petitioner would have accepted the March 9, 2012, plea offer before it expired in April of 2012. Therefore, according to respondent, petitioner cannot satisfy both prongs of the *Strickland/Miller* test for ineffective assistance of counsel. We agree with respondent.

With regard to the second prong of a claim of ineffective assistance of counsel, the United States Supreme Court has provided the following guidance:

> To show prejudice from ineffective assistance of counsel where a plea offer has lapsed . . . because of counsel's deficient performance, defendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel. Defendants must also demonstrate a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it, if they had the authority to exercise that discretion under state law. To establish prejudice in this instance, it is necessary to show a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time.

*Missouri v. Frye*, 566 U.S. 133, 147 (2012); *see Foster v. Ballard*, No. 14-1023, 2015 WL 6756866 (W.Va. Nov. 4, 2015) (memorandum decision) (affirming habeas denial where defendant failed to prove that he would have accepted plea offer not conveyed to him by trial counsel and citing *Missouri*).

In this case, while petitioner ultimately entered into a plea agreement that resulted in a prison sentence of forty-three to sixty-five years, we find no error in the circuit court's conclusion that petitioner appeared unwilling to accept any substantial prison term at the time of the March 9, 2012, plea offer. Notably, in April of 2012 (before the indictment was returned), petitioner sent a pro se letter to the circuit court asking to be released from jail so that he could "move on with [his] life." Petitioner continued to seek a limited sentence by writing pro se letters to the circuit court asking for mercy in August of 2012 and to the prosecuting attorney's office in November of 2012 asking for alternative sentencing to avoid prison entirely.

Petitioner focuses on his offer in late November of 2012 to plead guilty and receive a twenty-four year prison term. However, his willingness to accept such a sentence came only after six months of a pending indictment and an impending trial date of January of 2013 and after his attempts to seek a less-severe sentence failed.

6

Further, while petitioner contends that he would have accepted the March 9, 2012, plea offer, the evidence indicates otherwise. In addition to the evidence set forth above, Mr. Stanley indicated that he offered to ask the State to re-open the March 9, 2012, plea offer in the summer of 2012, and petitioner refused. We have held that "[a]n appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact." *State v. Guthrie*, 194 W.Va. 657, 669 n.9, 461 S.E.2d 163, 175 n.9 (1995). Indeed, "where there is a conflict of evidence between defense counsel and the defendant, the circuit court's findings will usually be upheld." *State ex rel. Daniel v. Legursky*, 195 W.Va. 314, 327, 465 S.E.2d 416, 429 (1995). Having reviewed the record on appeal, the parties' arguments, and pertinent authority, we find that the circuit court properly exercised its function in weighing the evidence and rendering a finding that petitioner would not have accepted the March 9, 2012, plea offer at the relevant time. Based on the circumstances of this case, we find no error in the circuit court's finding that petitioner failed to establish the second prong of the *Strickland/Miller* test. We also find no error in the circuit court's finding that the outcome of the proceedings would not have been different but for Mr. Stanley's failure to communicate the March 9, 2012, plea offer to petitioner.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** March 13, 2017

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Elizabeth D. Walker

**DISSENTING IN WRITING:**

Justice Menis E. Ketchum

Justice Ketchum, dissenting:

Without question, petitioner's trial counsel failed to communicate the March 9, 2012, plea offer to him before it expired. That plea offer was considerably more favorable to petitioner than the offers he later sent to the State and the offer that he ultimately accepted. Moreover, petitioner testified that he was willing to accept the March 9, 2012, plea offer when he learned of it in July of 2012. Understandably, petitioner did not wish to keep his trial counsel, who barely communicated with him between January and July of 2012 and who failed to properly communicate the March 9, 2012, plea offer. Under the facts of this case, the inescapable conclusion is that petitioner's trial counsel failed him. I firmly believe that the trial counsel's failure rendered him constitutionally ineffective. Petitioner probably would have been better off

acting pro se because then, at least, he would have received the plea offer on time. I would set this case for oral argument.

Based on the foregoing, I respectfully dissent.