# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Derek Caldwell,**
**Petitioner Below, Petitioner**

**FILED**

**October 11, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 18-0622**  (Berkeley County 16-C-41)

**Karen Pszczolkowski, Superintendent,**
**Northern Correctional Facility,**
**Respondent Below, Respondent**


## MEMORANDUM DECISION


Petitioner Derek Caldwell, by counsel Dylan Batten, appeals the Circuit Court of Berkeley County's June 18, 2018, order that denied his petition for a writ of habeas corpus. Karen Pszczolkowski, Superintendent, Northern Correctional Facility, by counsel, Benjamin F. Yancey, III, filed a response. On appeal, petitioner argues that the circuit court erred in failing to conclude that trial counsel was ineffective during the plea bargaining stage of his criminal proceeding.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

In February of 2014, petitioner was indicted in the Circuit Court of Berkeley County on one count of first-degree robbery and one count of assault during the commission of a felony. Petitioner was accused of robbing a pizza delivery driver at knifepoint on December 11, 2013, when the driver arrived at 221 West Race Street in Martinsburg, West Virginia, after petitioner's girlfriend called to order a pizza. Petitioner attempted to disguise his identity by placing a patterned scarf around his face and attacked the driver from behind. The driver gave petitioner all of his cash and pizza receipts from his pocket, returned to his place of employment, and called the police. Law enforcement traced the pizza order to the girlfriend's telephone number and eventually located the couple at a local motel. Petitioner fled while the girlfriend remained and gave the authorities consent to search the motel room. There, police recovered cash, the driver's receipts, petitioner's sweatpants, drug paraphernalia, and a scarf identified by the driver as the one that was worn by his attacker. Petitioner later turned himself in to the police.

On April 3, 2014, the State tendered a plea offer whereby petitioner would plead guilty to first-degree robbery (count 1) and, in exchange, the State would dismiss the charge of assault during the commission of a felony (count 2). The plea offer further provided that the State would

bind the court to a sentence of no more than twenty years in prison and that the court would "remain free to consider any lesser sentence allowable under the law." Further, the parties would "remain free to argue for any lawful sentence up to 20 years in the penitentiary." Trial counsel Matthew Yanni presented and reviewed the plea offer with petitioner, who ultimately rejected it. Following a two-day jury trial, petitioner was convicted of both counts of the indictment. Petitioner was thereafter sentenced to a determinate term of twenty-five years in prison for the first-degree robbery conviction and not less than two nor more than ten years for the assault during the commission of a felony conviction. The sentences were ordered to run concurrently.[1]

On May 15, 2015, petitioner filed a motion for reduction of sentence pursuant to West Virginia Rule of Criminal Procedure 35(b). The circuit court denied the motion by order entered on June 5, 2015.

On June 1, 2016, petitioner filed an amended petition for a writ of habeas corpus and accompanying *Losh*[2] list[3] to which the State filed a response. The circuit court conducted an omnibus evidentiary hearing on May 23, 2017, at which trial counsel and petitioner both testified. By order entered on June 18, 2018, the circuit court denied petitioner's request for habeas relief. It is from this order that petitioner now appeals.

This Court has held that,

> [i]n reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006). Further, "'[f]indings of fact made by a trial court in a post-conviction habeas corpus proceeding will not be set aside or reversed on appeal by this Court unless such findings are clearly wrong.' Syllabus Point 1, *State ex rel. Postelwaite v. Bechtold*, 158 W.Va. 479, 212 S.E.2d 69 (1975)." Syl. Pt. 1, *State ex rel. Waldron v. Scott*, 222 W. Va. 122, 663 S.E.2d 576 (2008).

In his sole assignment of error, petitioner argues that the circuit court erred in failing to conclude that he received ineffective assistance of counsel with regard to the plea offer tendered by the State. More specifically, petitioner argues that had trial counsel adequately advised him during the plea bargaining process, he would have accepted the plea instead of going to trial. According to petitioner, trial counsel failed to discuss crucial aspects of the plea offer with him

---

[1] On October 2, 2014, petitioner filed a notice of appeal of his convictions and sentence to this Court but later moved to dismiss in order to file a petition for a writ of habeas corpus. This Court granted petitioner's motion to dismiss.

[2] *See Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981).

[3] A copy of the amended petition and *Losh* list were not made a part of the appendix record.

and admitted that he did not make a recommendation as to whether the plea was in petitioner's best interests. Petitioner argues that, as a result of trial counsel's inadequate performance, petitioner should be granted specific performance of the offered plea or, in the alternative, a new trial.

This Court's standard for evaluating counsel's effectiveness is well settled. In syllabus point 5 of *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995), we adopted the following two-pronged test established by the United States Supreme Court:

> In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

This Court provided further guidance in *Miller*, holding also that

> [i]n reviewing counsel's performance, courts must apply an objective standard and determine whether, in light of all the circumstances, the identified acts or omissions were outside the broad range of professionally competent assistance while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Thus, a reviewing court asks whether a reasonable lawyer would have acted, under the circumstances, as defense counsel acted in the case at issue.

*Id.* at 6-7, 459 S.E.2d at 117-18, syl. pt. 6.

This Court has applied the *Miller/Strickland* standard to ineffective assistance claims arising from the plea bargaining process. *See* Syl. Pt. 3, *Becton v. Hun*, 205 W. Va. 139, 516 S.E.2d 762 (1999);[4] Syl. Pt. 6, *State ex rel. Vernatter v. Warden*, 207 W. Va. 11, 528 S.E.2d 207 (1999). Indeed, we have observed that "'the right to adequate assistance of counsel cannot be defined or enforced without taking account of the central role plea bargaining plays in securing convictions and determining sentences.'" *Buffey v. Ballard*, 236 W. Va. 509, 517, 782 S.E.2d 204, 212 (2015) (quoting *Lafler v. Cooper*, 132 S.Ct. 1376, 1388 (2012)). *See Buffey*, 236 W. Va. at 517, 782 S.E.2d

---

[4] In syllabus point three of *Becton v. Hun*, 205 W. Va. 139, 516 S.E.2d 762 (1999), we held:

> Objective professional standards dictate that a criminal defense attorney, absent extenuating circumstances, must communicate to the defendant any and all plea bargain offers made by the prosecution. The failure of defense counsel to communicate any and all plea bargain proposals to the defendant constitutes ineffective assistance of counsel, absent extenuating circumstances.

at 212 (quoting *Lafler*, 132 S.Ct. at 1388) (acknowledging the fact that "criminal justice today is for the most part a system of pleas, not a system of trials. Ninety-seven percent of federal convictions and ninety-four percent of state convictions are the result of guilty pleas[.]").

Petitioner argues that trial counsel failed to give him any professional legal advice about whether to accept the plea and that this was deficient under an objective standard of reasonableness. *See Miller*, 194 W.Va. at 6, 459 S.E.2d at 117, syl. pt. 5. Petitioner claims that, when he asked trial counsel about his chances of being convicted at trial, trial counsel responded that they were "50/50". Petitioner further claims that trial counsel advised him that, without petitioner's girlfriend's testimony, the State would not have "much of a case," and that petitioner should take the case to trial. Petitioner argues further that trial counsel did not give him any advice on whether he should accept the plea offer. He argues that trial counsel was ineffective given the overwhelming evidence the State had against him and that it was unlikely that his girlfriend would not testify because she was under subpoena.[5] Petitioner states that if he had known that he would be convicted at trial, he would have accepted the offered plea.

We find no error in the circuit court's conclusion that trial counsel was not ineffective. The circuit court, as the trier of fact in the habeas proceeding, was charged with determining the credibility of the witnesses' testimony. *See Miller v. Chenoweth*, 229 W. Va. 114, 121, 727 S.E.2d 658, 665 (2012) ("Credibility determinations are properly made by the trier of fact . . . who has had the opportunity to observe, first hand, the demeanor of the witness."). *See also State v. Guthrie*, 194 W. Va. 657, 669 n.9, 461 S.E.2d 163, 175 n.9 (1995) ("An appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact."). The circuit court found that trial counsel disclosed the plea offer to petitioner and also discussed the State's evidence against him. The court further found that it is trial counsel's standard practice not to recommend whether a client should accept a plea or discuss his "chances" of being convicted. Instead, the court found, it is trial counsel's practice to explain the offer "in the overall context of the evidence, charges, and sentencing exposure so that clients can make a fully informed decision for themselves."

In petitioner's case, the court determined, trial counsel discussed the potential sentence for a first-degree robbery conviction but did not advise petitioner whether to accept the plea. Further, while trial counsel did not specifically recall discussing petitioner's eligibility for parole under the offered plea in this case, he testified that it is ordinarily his practice to do so. Ultimately, trial counsel left the decision about whether to accept the plea offer to petitioner, who rejected it because he wanted a sentence of "10 flat" (i.e., a ten-year sentence). Petitioner has failed to prove that these factual findings are clearly wrong or that the circuit court abused its discretion in concluding that trial counsel's performance in connection with the offered plea did not fall below an objective standard of reasonableness. *See Waldron*, 222 W. Va. at 123, 663 S.E.2d at 577, syl. pt. 1.

---

[5] In addition to the girlfriend's testimony, the State presented evidence of flight, petitioner's substance abuse addiction as evidence of motive, petitioner's statement to police upon arrest that he was "f***ed" and that he was "going to get 5 to 10 years for this," and the evidence obtained from the motel room.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** October 11, 2019

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison